IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MOMENT, #16-02335,     *

Plaintiff,     *

v.     *     Civil Action No. PWG-16-3966

RENEE MORTEL, *State's Attorney's Office,*     *
 *also known as Renee Mortel Joy,*     *

Defendant.     *

***

## MEMORANDUM OPINION

On December 12, 2016, Michael Moment filed suit pursuant to 28 U.S.C. § 1983 against Renee Mortel, alleging that on February 3, 2011, Mortel illegally initiated an indictment against him in Montgomery County, Maryland. He claims Mortel was an "ordinary citizen" without legal authority to investigate or indict him for a crime committed outside Prince George's County. He claims that he was subjected to illegal prosecution and illegal imprisonment, and seeks $5 million dollars in damages. Compl. 2–3, ECF No. 1.

### Background

On February 4, 2011, Moment was indicted in the Circuit Court for Montgomery County for intimidating or corrupting an officer of the court and threatening a state official. Docket No. 2, *Maryland v. Moment*, No. 117643C (Cir. Ct. Montgomery Cty., Md. Feb. 4, 2011). The Chief Judge of the Maryland Court of Appeals designated the Honorable Dwight D. Jackson, Associate Judge of the Circuit Court of Maryland for Prince George's County, to sit alone or with one or more other judges as a judge of the Circuit Court of Maryland for Montgomery County to hear the case. *Id.* Docket No. 10. Assistant State's Attorney Renee Mortel Joy was the prosecutor in

the case. *Id.* Docket No. 3. On August 8, 2011, Moment was found guilty on all counts and was later sentenced to a term of incarceration. *Id.* Docket Nos. 126, 145.

## Discussion

Moment filed the Complaint under 28 U.S.C. § 1915,[1] which permits an indigent prisoner to commence an action in federal court without prepaying the filing fee. To protect against abuse of this privilege, the statute requires a court to dismiss any claim that fails to state a claim for which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii), 1915A(b)(1), (2). This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Moment. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

A civil rights action under 42 U.S.C. § 1983 addresses unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 402 (4th Cir. 2014). To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate (1) that he was "deprived of a right secured by the Constitution or laws of the United States" and (2) that "the alleged

---

[1] At the time Moment filed this Complaint he provided an address corresponding to the Montgomery County Detention Center at 1307 Seven Locks Road in Rockville, Maryland. Compl. 1. On December 20, 2016, Moment notified the Court that he has changed his address. ECF No. 4. On the date this Memorandum Opinion and Order were signed, Moment was not listed on the Maryland Inmate Locator. It thus appears he has been released from incarceration.

deprivation was committed under color of state law." *Am. Mfrs. Mut. Insur. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Specifically, the person charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. *Id.* at 57–58. If a defendant was acting as a private citizen, then the defendant is not amenable to suit under § 1983. *Id.* Plaintiff alleges that Mortel Joy was acting as "an ordinary citizen" without legal authority when she prosecuted him. Compl. 2. Under these alleged facts, Defendant is not amenable to suit under § 1983. Consequently, this matter must be dismissed for failure to state a claim.

Despite what Plaintiff claims, it is likely Defendant was actually acting in her capacity as an Assistant State's Attorney in the matter at issue. If so, Defendant is entitled to absolute immunity from civil liability for alleged conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In other words, absolute immunity is afforded prosecutors when acting 'within the advocate's role.' " *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993)).

In *Imbler*, the Supreme Court stated that a prosecutor, acting within the scope of his or her duties in initiating and prosecuting a case, has the same absolute immunity from liability for damages for alleged violation of another's constitutional right, notwithstanding that such immunity leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him or her of liberty. *Imbler*, 424 U.S. at 427. The Court explained that if the prosecutor had only a qualified immunity, the threat of litigation would undermine performance of the prosecutor's duties. Public trust of the prosecutor's office

3

would suffer if he or she were constrained in making decisions by potential liability for damages. And if the prosecutor could be made to answer in court each time he or she was charged with wrongdoing, attention would be diverted from the duty of enforcing criminal laws. *Id.* Noting that prosecutors often act under strict constraints of time and a prosecutor may make decisions that engender colorable claims of constitutional deprivation, the Court reasoned that defending such decisions could impose unique and intolerable burdens upon a prosecutor. *Id.* at 426. Therefore, the Court concluded that permitting only qualified immunity to a prosecutor could have an adverse effect upon the functioning of the criminal justice system. *Id.* at 426–27.

As noted, absolute prosecutorial immunity may not apply when a prosecutor is engaged in other tasks, such as investigative or administrative assignments. *Id.* at 430; *Harlow v. Fitzgerald*, 457 U.S. 800, 811 n.16 (1982); *Van De Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009). Therefore, when asked to determine whether a prosecutor is entitled to absolute immunity, a court examines "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). Preparation of the indictment is clearly within the ambit of the protection contemplated by absolute judicial immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (upholding absolute immunity for prosecutor's actions related to the preparation and filing of charging documents); *Buckley*, 509 U.S. at 273 (holding that a prosecutor is entitled to absolute immunity for "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made"). Moment's claims against Defendant directly challenge her involvement in the preparation of the indictment which is a prosecutorial function clearly within the judicial phase of the criminal process. Defendant's

4

actions initiating and pursuing a criminal prosecution against him fit squarely within the range of absolute immunity.

Even if a colorable claim were raised, the Complaint presents questions concerning timeliness. While § 1983 provides a federal cause of action, it "looks to the law of the State in which the cause of action arose," adopting the statute of limitations applicable in the relevant state for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985)). In Maryland the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann. § 5-101. At the latest, this claim arose on November 7, 2011, when Moment was sentenced. When Moment filed this Complaint on December 12, 2016, the three-year limitations period had long expired. Consequently, this matter must also be dismissed as time barred.

The in forma pauperis statute at 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. As Moment was incarcerated at the time he initiated this Complaint and for the reasons stated above, the Complaint fails to state a claim upon which relief may be granted. Accordingly, a first "strike" will be assigned to Moment pursuant to 28 U.S.C. § 1915(g).

## Conclusion

For these reasons, the Court will deny and dismiss the Complaint with prejudice for failure to state a claim. A "first strike" will be assigned to Moment pursuant to 28 U.S.C. § 1915(g) in a separate Order to follow.

_February 15, 2017_
Date

_____
Paul W. Grimm
United States District Judge