# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL MOMENT, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-16-3966 |
| RENEE MORTEL, a/k/a Renee Mortel Joy, *State Attorney's Office*, | * | |
| Defendant | * | |

## MEMORANDUM OPINION

This case has come back to the Court on remand from the Fourth Circuit. *See Moment v. Mortel*, 733 F. App'x 127 (4th Cir. 2018) (per curiam). The Fourth Circuit's per curiam opinion specifies that the remand is for "the limited purpose of allowing the district court to determine when [Defendant Michael] Moment received notice of the district court's entry of its final order and whether he is entitled to a reopening of the appeal period pursuant to" Federal Rule of Appellate Procedure 4(a)(6). *Id.* I conclude that Moment received notice of the entry of judgment on February 23, 2017, and deny his motion to reopen the appeal period.

## BACKGROUND

This Court issued an order dismissing Moment's case with prejudice on February 15, 2017. Order, ECF No. 9. The docket notes that the Clerk of the Court both closed the case and sent the order to Moment by certified mail that same day. The Court mailed the order to what was then Moment's last known address: 1109 Montrose Ave., Laurel, Maryland 20707.[1]

The Court had no way of knowing it at the time, but it turns out Moment – who was then a prisoner at a Maryland correctional facility – had just sent the Court a change-of-address

---

[1] Moment provided this address to the Court in a filing docketed on December 20, 2016. Notification of Change of Address, ECF No. 4.

1

notification. *See* Change-of-Address Notification, ECF No. 10. The postal stamp on the envelope indicates the notification was mailed on February 14, 2017, the day before the Court issued and mailed the Order dismissing Moment's case. *Id.* The notification, explaining that a state court judge had just issued Moment a 14-year prison sentence, listed his "new address" as that of the Montgomery County Correctional Facility in Boyds, Maryland. *Id.*

The Clerk of the Court docketed the change-of-address notification on February 16, 2017. However, the Clerk's Office did not send a copy of the Court's order to the newly provided address until February 23, 2017. This mailing never reached Moment;[2] rather, the mail carrier marked the envelope as undeliverable and returned it to the Court on March 6, 2017.[3] First Returned Mailing, ECF No. 12. A second attempt to mail the order to Moment at the Montgomery County facility was likewise unsuccessful. *See* Second Returned Mailing, ECF No. 14.

Moment next contacted the Court in late March, by which time, it is clear, he was incarcerated at the Maryland Correctional Institution in Jessup, Maryland. March 2017 Letter, ECF No. 13. That letter, which was dated March 24, 2017, but marked as mailed three days later, states that Moment had just received notification that one of his other federal cases had closed. *Id.* The letter asks the Court for an update on the status of Moment's other cases, including this one. *Id.*

---

[2] The record shows that Moment spent at least some time at the Montgomery County facility, because on February 23, 2017, the Court received a letter from Moment which listed the facility as his return address. February 2017 Letter, ECF No. 11. The letter, which was undated, requested updates on Moment's various federal cases, including this case. *Id.* The letter further noted Moment "will soon be transferred to a state prison" and that he planned to provide a new address after the transfer. *Id.*

[3] Strangely, a stamp on the envelope indicates the reason for returning the mailing was not that Moment was no longer housed at the Montgomery County facility, but that the mailing contained "contraband." First Returned Mailing, ECF No. 12.

2

Moment filed a Notice of Appeal on April 6, 2017. *See* Notice of Appeal, ECF No. 15. The Notice is dated April 3, 2017 and was sent from the Maryland Correctional Institution in Jessup the following day. *Id.* The Court promptly transmitted the Case to the Fourth Circuit. *See* Appeal Transmittal Sheet, ECF No. 16. The Fourth Circuit remanded the case on August 1, 2018. *See Moment*, 733 F. App'x 127. Its per curiam opinion noted that Moment had failed to file the notice of appeal within 30 days of the entry of the final judgment in his case, as required under Federal Rule of Appellate Procedure 4(a)(1)(A). *Id.* However, the opinion left open the possibility this Court might elect to reopen the appeal period under Rule 4(a)(6). *Id.*

On remand, this Court granted Moment 28 days to file a declaration attesting to the date he first received notice that his case had been dismissed. August 13, 2018 Order, ECF No. 20. The Clerk of the Court sent the order by certified mail to Moment's last known address, but it too returned as undeliverable. Third Returned Mailing, ECF No. 21. On September 16, 2018, the Court issued yet another order, this time directing Moment to show cause why his case should not be dismissed for failure to comply with Local Rule 102.1.b.iii, which requires *pro se* parties to inform the Court of any changes in their address. September 6, 2018 Order, ECF No. 22. The Clerk, complying with the Court's order, promptly sent the order by certified mail to Moment's sister's address in Laurel, Maryland. This, too, bounced back as undeliverable. Fourth Returned Mailing, ECF No. 23.

## DISCUSSION

Rule 4(a)(6) gives a district court discretion to reopen the time to file an appeal for 14 days. Fed. R. App. P. 4(a)(6). Under the rule, the court may take this step only if all three of the following conditions are satisfied: (1) "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment . . . within 21

3

days after entry"; (2) "the motion is filed within 180 days after the judgment . . . is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier"; and (3) "the court finds that no party would be prejudiced." *Id.*

Under the first prong of this inquiry, the Court must determine when, if ever, Moment "receive[d] notice under Federal Rule of Civil Procedure 77(d) of the entry" of the final judgment in this case. Fed. R. App. P. 4(a)(6)(A). To resolve this question, the Court must consult the Federal Rule of Civil Procedure.

I first look to Federal Rule of Civil Procedure 77(d)(1), which provides: "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d)(1). This rule refers to Rule 5(b), which outlines acceptable methods of serving court filings. *See* Fed. R. Civ. P. 5(b)(2). For present purposes, it is relevant to note that Rule 5(b)(2)(C) authorizes service by "mailing [the filing] to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Turning to the facts, I observe that the Clerk first attempted to serve notice on Moment on February 15, 2017, the day the Court issued the order dismissing the case. The record shows, though, that prison officials had already mailed a change-of-address notification on Moment's behalf before the Clerk could send him the order. *See* Change-of-Address Notification. Applying the "prison mailbox rule," I will treat the change-of-address notification as having been filed when Moment delivered it to prison officials for mailing to the Court. *See* Fed. R. App. P. 4(c)(1); *Stevenson v. Anderson*, 139 F. App'x 603, 604 (5th Cir. 2005) (per curiam) (applying the

prison mailbox rule to filings other than a notice of appeal). I conclude, therefore, that the Clerk's February 15, 2017, mailing did not adequately notify Moment that the case was closed.

It is clear from the record that the Clerk's next attempt to serve notice on Moment did not have its desired effect. That mailing, which left this courthouse on February 23, 2017, came back as undeliverable. *See* First Returned Mailing. I do not consider this fact dispositive, though, because Federal Rule of Civil Procedure 5(b)(2)(C) expressly states that service on a party "is complete upon mailing" a filing "to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C). Here, Moment notified the Court in mid-February that his "new address" was the Montgomery County Correctional Facility in Boyds, Maryland. *See* Change-of-Address Notification. This was Moment's "last known address" when the Clerk resent the Court's final order to the facility on February 23, 2018. Under Rule 5(b), service was "complete" the moment the Clerk mailed the order – no matter that it never reached its intended recipient. *See* Fed. R. Civ. P. 5(b).

Moment might well complain that this conclusion seems unfair. No doubt, though, he is well aware that Local Rule 102.1.b.iii imposes on *pro se* parties such as himself an affirmative duty to notify the Court whenever the party's address changes. Loc. R. 102.1.b.iii. This rule obligated Moment to notify the Court when he was transferred to the prison in Jessup. While Moment did tell the Court in his February 2017 letter that he would "soon be transferred" from the Montgomery County facility to a state prison, *see* February 2017 letter, he failed to file a change-of-address notification after that transfer took place. Had he complied with the rule, the Clerk could have sent the order to the Jessup facility in time for Moment to receive it. Moment's failure to abide by the rule denied the Clerk that opportunity.

"The burden of proving non-receipt . . . of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6)." *McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002). I have given Moment several chances to explain why he failed to submit his notice of appeal within the 30-day window authorized by Federal Rule of Appellate Procedure 4(a)(1)(A). *See* August 13, 2018 Order; September 6, 2018 Order. Moment has never responded to these orders.

To sum up, my reading of the Federal Rules of Appellate Procedure and Civil Procedure compel me to conclude that Moment received notice of the entry of final judgment when the Clerk mailed the order to the Montgomery County Correctional Facility on February 23, 2017. This occurred less than 21 days after the Court entered its final judgment on February 15, 2017. Accordingly, Moment cannot satisfy the first of the three requirements for an order reopening the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). *See* Fed. R. App. P. 4(a)(6)(A) (forbidding a reopening of the appeal period unless the court finds "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days of entry").

Moment likewise cannot satisfy the second requirement under Rule 4(a)(6). Under the rule, a party seeking to reopen the appeal period must file the motion to reopen "within 180 days after the judgment is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). As I have explained, Moment received notice on February 23, 2017. His March 2017 letter, which the Fourth Circuit has construed as a motion to reopen, is dated March 24, 2017 – slightly more than a month after the entry of judgment. This, too, prevents this Court from reopening the appeal period.

**ORDER**

I conclude that Moment received effective service of the entry of judgment when the Clerk resent the Court's order on February 23, 2017. This finding renders Moment ineligible for an extension of the appeal period under Federal Rule of Appellate Procedure 4(a)(6).

Accordingly, it is this 18th day of October, 2018, by the United States District Court for the District of Maryland, hereby ordered that Moment's Motion to Reopen the Appeal Period, ECF No. 13, IS DENIED.

Date: October 18, 2018

_____
Paul W. Grimm
United States District Judge